APPEL, Justice
(dissenting).
I respectfully dissent.
The Federal Educational Rights and Privacy Act (FERPA) states that federal funds shall not be available “to any educational agency or institution which has a policy or practice” of releasing personally identifiable information without the written consent of parents. 20 U.S.C. § 1232g(b)(l) (2006). In my view, compli-anee with a judicial order pursuant to a generally applicable state public records statute does not amount to a policy or practice of any educational agency or institution. See generally Maynard v. Greater Hoyt Sch. Dist. No. 61-4, 876 F.Supp. 1104, 1108 (D.S.D.1995). The majority opinion repeatedly cites “policy or practice,” while omitting the statutory requirement that the “policy or practice” must be one of the “educational agency or institution.” In effect, the majority opinion amends the statute to strike the words “agency or institution.”
In light of this explicit wording of FER-PA and the Iowa Open Records Act, I would not rewrite either statute. While federal law plainly is supreme, I find no conflict between FERPA and the Iowa Public Records Act. As a result, I would require disclosure of the public records in this case.
WIGGINS and HECHT, JJ., join this dissent.